FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KARLEIGH BYBEE (05),<br><br>　　　　　Defendant. | No.　1:19-cr-02058-SMJ-5<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEVER** |

　　　　This case is about a felony carjacking allegedly committed by four codefendants. ECF No. 1. Defendant Karleigh Bybee was not charged in connection with the carjacking but rather with misprision of a felony—she allegedly witnessed the carjacking but failed to inform the authorities about it. *See id*. She moves to sever her trial from that of the remaining codefendants. ECF No. 170. The Government does not oppose Bybee's motion to sever. ECF No. 174. This motion was set for oral argument. ECF No. 172. But after reviewing the Defendant's motion and the Government's response, the relevant case law, and the file in this matter, the Court finds it appropriate for resolution without oral argument. The Court grants Bybee's Motion to Sever, ECF No. 170.

//

ORDER GRANTING DEFENDANT'S MOTION TO SEVER – 1

## DISCUSSION

"Joint trials play a vital role in the criminal justice system," promoting efficiency and avoiding the "scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks omitted). Severance is warranted when there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. When joinder of defendants in an indictment or trial "appears to prejudice a defendant," the district court should exercise its sound discretion and order separate trials. *See* Fed. R. Crim. P. 14(a).

"The test is whether joinder was so prejudicial to a defendant that it outweighs the dominant concern with judicial economy and requires the exercise of the trial judge's discretion in only one way." *United States v. Burgess*, 791 F.2d 676, 678 (9th Cir. 1986). "The prejudice must [be] of such magnitude that the defendant's right to a fair trial [would be] abridged." *United States v. Mohsen*, 587 F.3d 1028, 1031 (9th Cir. 2009) (quoting *United States v. Lewis,* 787 F.2d 1318, 1321 (9th Cir.1986)).

Bybee relies on *United States v. Branker*, 395 F.2d 881, 887–88 (2nd Cir. 1968). In *Branker*, a tax fraud case, "the conspiracy count provided the only justification for the joinder of the eight defendants." *Id.* at 889. When the district

ORDER GRANTING DEFENDANT'S MOTION TO SEVER – 2

1  court dismissed the conspiracy count after a five-week trial, some defendants
2  moved for severance, which the court denied. *Id*. The Second Circuit reversed,
3  holding that the district court improperly joined all the defendants because, without
4  the nexus to the conspiracy count, some defendants had suffered undue prejudice
5  and should have been severed. *Id.* at 888–89. The court emphasized:

> This kind of prejudice is particularly injurious to defendants who are charged in only a few of the many counts, who are involved in only a small proportion of the evidence, and who are linked with only one or two of their co-defendants. The jury is subjected to weeks of trial dealing with dozens of incidents of criminal misconduct which do not involve these defendants in any way. As trial days go by, the mounting proof of the guilt of one is likely to affect another.

10 *Id*. at 888 (quotation marks omitted). This Court finds the Second Circuit's
11 reasoning in *Branker* persuasive.

12  As Bybee points out, only a minor aspect of the alleged carjacking relates to
13 her. If the Court declined to sever her trial from her codefendants' trials, the jury
14 would be subjected to extensive testimony and evidence about the codefendants'
15 crimes that Bybee had no part in. The Court agrees that there is a high likelihood
16 that the "mounting proof of guilt" of others will unfairly influence the jury's
17 perception of the evidence against Bybee. *See Branker*, 395 F.2d at 888. This Court
18 also agrees that limiting or curative instructions would very likely be insufficient.
19 *See* ECF No. 170. The Ninth Circuit criticized "the effectiveness of cautionary
20 instructions when it stated: 'We share the D.C. Circuit's skepticism of the efficacy

ORDER GRANTING DEFENDANT'S MOTION TO SEVER – 3

of such instructions no matter when they are given.'" *Burgess*, 791 F.2d at 678 (quoting *United States v. Lewis*, 787 F.2d 1318, 1323 (9th Cir.), *opinion amended on denial of reh'g*, 798 F.2d 1250 (9th Cir. 1986)). As a result, this Court severs the charge of Misprision of a Felony against Bybee from the charges against the remaining codefendants.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant Karleigh Bybee's (05) Motion to Sever, **ECF No. 170**, is **GRANTED**.

**2.** Defendant Karleigh Bybee (05) is **SEVERED** from the other Defendants in this matter.

**3.** The hearing set for **December 8, 2020** at **09:00 AM** in Richland Courtroom 189 via videoconference is **STRICKEN** only as it relates to Defendant Karleigh Bybee (05). The hearing shall otherwise remain set for Defendant Miguel Navarrete's (01) pending motion, ECF No. 101.

//
//
//
//
//

ORDER GRANTING DEFENDANT'S MOTION TO SEVER – 4

**4.** The parties shall confer and propose new pretrial, trial, and case management dates, and Defendant Bybee (05) shall file her statement of reasons in support or objection **by no later than December 8, 2020**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of December 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO SEVER – 5